UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| PATRICIA ADAMS AND ) | |
| RAYMOND ADAMS ) | |
| ) | Civil No.: 12-60-GFVT |
| Plaintiffs, ) | |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| BELLSOUTH ) | **ORDER** |
| TELECOMMUNICATIONS, LLC, ) | |
| d/b/a AT&T KENTUCKY ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiffs' Motion to Remand. [R. 5.] The Plaintiffs, Patricia and Raymond Adams, assert that they sufficiently communicated to the Defendant, AT&T Kentucky, that the amount in controversy would exceed the $75,000 jurisdictional limit of this Court more than thirty days before the notice of removal was filed, thus rendering it untimely. Since that is not what the record shows, the Motion to Remand will be denied.

**I.**

The Adamses filed their complaint in Trimble County Circuit Court on September 26, 2011, and AT&T Kentucky was served the following day. [R. 5-1 at 1]. Pursuant to Kentucky law, the complaint does not provide a specific amount of relief, only that injuries had been sustained resulting in damages in excess of the $4,000 the jurisdictional

1

minimum for Kentucky circuit courts. [R. 5-3 at 4].[1] Even so, the Adamses maintain that AT&T Kentucky knew of the severity of the injuries and the expected expenses because of telephone and email discussions that took place between Patricia Adams and AT&T Kentucky before the filing of the complaint. [R. 5-1 at 2]. Patricia Adams submitted an affidavit stating that during one of her conversations with representatives of AT&T Kentucky, she informed them that her damages would be in excess of $100,000. [R 5-5 at 2]. She also provided two emails from August 2011, in which she does not discuss the amount of her alleged damages, but does indicate that AT&T Kentucky is in possession of her bills. [R. 5-7 and 5-8].

  AT&T Kentucky recalls the conversations with Adams differently. According to AT&T Kentucky, "a claimant's communications with AT&T Kentucky's Risk Management Department are meticulously documented," and no such allegation of $100,000 in damages was ever made. [R. 6 at 3]. Further, AT&T Kentucky has tendered a claims log from its risk management file on Patricia Adams, which records notice of only $9,689.00 in medical bills at the time of the filing of the complaint. [R. 6-1]. AT&T Kentucky claims that it was not aware that Adams's claim would approach the jurisdictional limits of this Court until it received a letter from her attorney on August 23, 2012, alleging medical bills in the amount of $78,842.63. [R. 6-1]. AT&T Kentucky states that upon receipt of this letter it promptly removed the case to this Court within the permissible thirty day window.

---

[1] "In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . . ." Ky. R. Civ. P. 8.01(2).

AT&T Kentucky's notice of removal was filed on September 18, 2012. The Adamses argue that this is well over thirty days after the filing of their complaint, when AT&T Kentucky should have been aware of the amount of alleged damages, making remand appropriate. AT&T Kentucky maintains that because it did not know that the amount in controversy would cross the jurisdictional threshold of this Court until it received the August 23, 2012 letter, its notice of removal was timely filed.

## II.

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" parties who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1).

Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Further, the defendant bears the burden of showing that removal was proper. *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted). When a complaint fails to pray

for a particular amount of monetary relief, a defendant's burden is to show that the amount in controversy is met by a preponderance of the evidence; otherwise stated, it is more likely than not that more than $75,000 is at issue. *Rosenstein v. Lowe's Home Centers, Inc.*, 2007 WL 98595, at *1 (E.D. Ky. 2007) (citations omitted).

Here, there is no dispute that the parties are diverse or that the amount in controversy is met. The contention between the parties is over the date at which AT&T Kentucky was required to file its notice of removal or be barred from doing so. The procedure for removal of civil actions is set forth in 28 U.S.C. § 1446. Specifically, §1446(b)(2)(B) states that, "Each defendant shall have 30 days after the receipt by or summons on the defendant of the initial pleading or summons…to file the notice of removal." However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order, or some other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). The Sixth Circuit has recognized that "§1446(b)(3) starts the thirty-day period running from the date a defendant has solid and unambiguous information that the case is removable." *Walker v. Phillip Morris USA, Inc*., 443 Fed. Appx. 946, 950, 2011 WL 5119441 (6th Cir. October 31, 2011) (unpublished table decision) (quoting *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573, 1991 WL 112809 (6th Cir. June 26, 1991) (unpublished table decision)).

In interpreting § 1446(b), the Court is guided by the axiom that statutes conferring removal jurisdiction are to be construed strictly. *Shamrock Gas & Oil Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). A narrow construction is required because the removal

jurisdiction of the federal courts encroaches on the jurisdiction of state courts.  *See id.*  Therefore, "the interests of comity and federalism require that federal jurisdiction be exercised only where it is clearly established."  *Bragg v. Kentucky RSA # 9-10, Inc*., 126 F. Supp.2d 448, 450 (E.D. Ky. 2001).  Failure to comply with the requirements of § 1446 constitutes a procedural defect which requires remand unless waived by the plaintiff.  *See* 28 U.S.C. § 1447(c); *Page v. City of Southfield*, 45 F.3d 128, 131-132 (6th Cir. 1995) (citations omitted).

These requirements place a defendant in a difficult position.  Defendants bear the burden of proving by a preponderance of the evidence that the damages asserted by the plaintiff meet the amount in controversy requirement.  Failure to do so results in a remand to state court.  On the other hand, defendants who wait to receive clearer evidence that the jurisdictional threshold has been crossed risks being barred from filing a notice of remand by § 1446(b)(3).  This decision is complicated because of Kentucky's Rules of Civil Procedure, which prohibit *ad damnum* clauses: "In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . . ." Ky. R. Civ. P. 8.01(2).  Federal courts have not interpreted state procedural rules such as this to excuse defendants of their removal duties, but have instead applied the enduring rule that, "when faced with a complaint effectively silent as to damages, the defendant should make independent inquiry as to the extent of damages or run the risk of remand when the plaintiff…provides that information." *Cole v. Great Atlantic & Pacific Tea Co*., 728 F.Supp. 1305, 1309 (E.D.Ky 1990).

In spite of these difficulties, AT&T Kentucky has successfully navigated the requirements for removal.  The complaint filed by the Adamses on September 26, 2011 was vague as to both the extent of the damages and nature of the injuries.  AT&T Kentucky could not have gleaned from the complaint "solid and unambiguous information" that the alleged damages were in excess of the jurisdictional minimum.  *Walker*, 2011 WL 5119441 at 950.  Further, there is no dispute that AT&T Kentucky did engage in independent inquiry about the amount of damages incurred by Adams, as both parties agree that extensive communication concerning the injury took place.  Patricia Adams claims that she clarified by email and telephone correspondence with AT&T Kentucky that her injuries would exceed $75,000.  However, the only emails that she provides speaks generally about her injuries and medical bills and elucidates no "solid and unambiguous information" as to the amount in controversy.  *Id*.

In contrast, AT&T Kentucky provided documentation from its risk management file on Patricia Adams that suggests it had been investigating her claims and was only aware of damages in the amount of $9,689.00, which is substantially less than the jurisdictional requirements of this Court.  If it were in possession of only this information, AT&T Kentucky would have been unable to make a showing that removal was appropriate.  As correspondence continued, on April 27, 2012, Blair's attorney informed AT&T Kentucky via letter that "We have now accumulated we believe the overwhelming majority of Ms. Adams medical information, as well as her bills."  [R. 6-1].  This letter goes on to state that "Her medical bills total $78,842.63," a fact that seems to have been recently discovered by Blair's counsel and that was being formally disclosed for the first time to AT&T Kentucky.  *Id*.

6

It was not until August 27, 2012, when the attorney for the Adamses sent AT&T Kentucky the letter stating Patricia Adams's medical bills were in excess of $75,000, that AT&T Kentucky would have been able to ascertain that the case had become removable. It was at this point that the thirty day window to file a notice of removal opened for AT&T Kentucky under § 1446(b)(3). Once in possession of this information, AT&T Kentucky filed its notice of removal on September 18, 2012, well within the thirty day period of time required by the statute. Consequently, the Plaintiffs' Motion to Remand is denied.

### III.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion to Remand [R. 5] is **DENIED**;

2. The Joint Motion to Suspend Deadlines for Rule 26 Disclosures and Report [R. 7] is **DENIED** as moot; and

3. The parties shall have 30 days from the entry of this Order to comply with the Order for Meeting and Report that has been previously issued by the Court [R. 4].

This the 8th day of January, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

7